[No. 2589. Decided June 3, 1897.]

RICHARD STROBACH, *Appellant,* v. THE STATE OF WASH-INGTON, *Respondent.*

SELECTION OF STATE LANDS — COMPENSATION OF AGENTS.

A land agent appointed under the act of March 10, 1891, which provides that for selecting, viewing and appraising timber lands, he shall receive ten cents per acre and for prairie lands, two and one-half cents per acre, is entitled to receive compensation for timber lands selected by him, on which the timber is worth less than two dollars per acre, at the rate of ten cents per acre, although the state land commission, under authority of the same act, may have adopted a rule classifying all lands containing timber of less value than two dollars per acre as prairie lands, but had designedly kept land agents in ignorance of such rule until after their selections had been reported.

Appeal from Superior Court, Thurston County.—Hon. W. H. H. KEAN, Judge. Reversed.

*Hoyt & Root,* for appellant.

*Thomas M. Vance,* Assistant Attorney General, for The State.

The opinion of the court was delivered by

GORDON, J.—The plaintiff is a land agent of the state of Washington, appointed under the provisions of the act of March 10, 1891 (Laws 1891, p. 399). His action was brought to recover compensation for services performed in selecting, viewing and appraising public lands granted to the state under the act of Congress of February 22, 1889. The cause was tried in the lower court without a jury, and judgment entered for the defendant, from which the plaintiff has appealed. No statement of facts or bill of exceptions has been settled in the case and it comes here upon the transcript alone.

Section 4 of the act under which plaintiff was commissioned requires that the agent shall, " in timbered lands, estimate the amount and value of the standing timber thereon and the value of the land after the timber is removed." Sec. 5 provides: " The state land commission may decline to list any lands reported by their several agents which may not by them be deemed desirable." Secs. 6 and 8 are as follows:

" Sec. 6. That each agent so appointed by the state land commission shall receive as his pay for selecting, viewing and appraising said lands, including the timber thereon, the sum of ten cents per acre for all timber lands and two and one-half cents per acre for all prairie lands which may be selected by the state land commission and certified and approved by the several U. S. district land offices."

" Sec. 8. The state land commission is directed to make all necessary rules and regulations for the carrying out of the true intent and spirit of this act."

The court found that the land commission adopted rules for the government of the commission in carrying out the true intent and spirit of the law; that

" Under the classification of the commission all lands containing timber of the value of two dollars or more per acre were timber lands; all lands containing timber of less value than two dollars per acre were prairie lands;   .   .   . that the rule referred to   .   .   .   was unknown to plaintiff until after he had completed his services; that the commission deemed it wise to keep all land agents in ignorance of said rule;   .   .   .   that plaintiff classified all of said lands as timber lands and so reported them to the state land commission; that the only evidence of these selections being prairie lands was in the fact that they fell within the classification established by the state land commission;   .   .   .   that said selected lands are thirty-five or forty miles from the nearest town or market; that there is no railroad nor logging road reaching them; that all of said

lands had timber thereon, but the value of the timber was less than two dollars per acre."

The sole question for determination is whether plaintiff was entitled to compensation at the rate of ten cents per acre for the lands so selected, which is the compensation fixed by the statute for the selection of timber lands, or at the rate of two and one-half cents per acre, the latter rate being the compensation provided by statute for the selection of prairie lands. We think, upon the findings, the judgment should have been for the plaintiff. The statute plainly and unmistakably fixes his compensation and he had a right to rely upon it. The rule adopted by the commission, under which all lands containing timber of the value of less than two dollars per acre were prairie lands, was an arbitrary rule; but, conceding the authority of the commission to adopt it, their subsequent action in designedly keeping the plaintiff in ignorance of it, as found by the court, was manifestly unfair to him. The statute fixed his compensation for selecting timber lands at ten cents per acre, and also made it his duty to estimate the value of each tract reported by him. He had a right to rely upon the statute and, until advised of the rule adopted by the commission, was entitled to receive the compensation fixed by the statute for the services performed by him.

The judgment will be reversed and the cause remanded with directions to the lower court to proceed to enter judgment for the appellant for the amount claimed in the complaint.

REAVIS and ANDERS, JJ., concur.